**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT FLORIDA**
**Jacksonville Division**

| | | |
|---|---|---|
| **HARRIET BROCK,**<br>**Plaintiff,** | ) | |
| **vs.** | ) | **Case No.** |
| **JACKSONVILLE HOUSING AUTHORITY,** | ) | **JURY TRIAL DEMANDED** |
| **CHERON CORBETT, in her official capacity as President and CEO of Jacksonville Housing Authority, and** | ) | |
| **ANDREW DENICOLA, in his official capacity as Executive Director of the HCV Program at Jacksonville Housing Authority,**<br>**Defendants.** | ) | |

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Harriet Brock, by and through her undersigned attorneys, files this Verified Complaint for injunctive and declaratory relief, damages, costs, and attorneys' fees against Defendants Jacksonville Housing Authority, Cheron Corbett, and Andrew Denicola, and as good grounds states as follows:

## I. PRELIMINARY STATEMENT

1. The Plaintiff, Harriet Brock, is an extremely low-income, elderly, and disabled individual who seeks injunctive and declaratory relief with respect to the conduct of the Defendants which has deprived the Plaintiff of her rights secured

by the United States Housing Act, 42 U.S.C. § 1437 *et seq*., and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, thereby resulting in the wrongful termination of her federal housing benefits.

2. Specifically, the Defendants terminated Plaintiff's Housing Choice Voucher (HCV) Program assistance: 1) without first giving proper notice of assistance termination, and 2) without first providing an opportunity for an administrative hearing as required by federal law. As a result of Defendants' illegal actions, Plaintiff has been left without the assistance she needs to remain housed. Plaintiff challenges these actions as unlawful and unconstitutional.

3. The failure of the Defendants to provide the foregoing protections and safeguards against the Defendants' decision to terminate her HCV Program participation, illegally violates the United States Housing Act and the regulations promulgated by the Department of Housing and Urban Development pursuant thereto, and it unconstitutionally deprives the Plaintiff of her due process protections guaranteed by the Fourteenth Amendment to the United States Constitution.

4. Plaintiff seeks compensatory damages for having her housing assistance terminated without due process and in violation of her constitutional rights and federal law.

5. Plaintiff seeks preliminary and permanent injunctions against the Defendants Corbett and Denicola in their official capacities requiring an immediate reinstatement of her participation in Defendants' HCV Program, and payment by Defendant JHA of all monies that should have been paid by Defendant JHA subsequent to the Defendants' illegal termination of Plaintiff's HCV assistance, as well as to prevent them from proceeding with further legal action to terminate Plaintiff's HCV Program participation, without first affording Plaintiff notice and a grievance hearing which comports with statutory and constitutional due process requirements.

6. In addition, Plaintiff seeks a declaratory judgment that the Defendants' conduct and practice in this regard violate the federal Housing Act, the pertinent regulations, and the United States Constitution.

## II. JURISDICTION AND VENUE

7. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that this action arises under the Constitution of the United States.

8. Jurisdiction is additionally conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and (4) in that this is an action arising under 42 U.S.C. § 1983, which provides for redress in the instance of deprivations under color of state law, ordinance, regulation, custom, or usage of rights secured by the Constitution and laws of the United States.

9. The Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## III. PARTIES

11. The Plaintiff, Harriet Brock, is an extremely low-income, elderly and disabled 67-year-old resident of Jacksonville, FL.

12. Plaintiff resides in her rental at 7107 Irving Scott Dr., Jacksonville, FL 32209 with her daughter who serves as her live-in-aide.

13. Her income derives from monthly Social Security benefits of $676.00 and alimony of $120.19 per month.

14. Defendant, Jacksonville Housing Authority (JHA), is a public body corporate, and is organized and exists under Florida Statute, Chapter 421.

15. Its main business office is located at 1300 N. Broad St., Jacksonville, FL 32202.

16. JHA administers the Housing Choice Voucher Program for eligible participants pursuant to federal and state law.

17. Defendant, Cheron Corbett is the President and CEO of JHA and is responsible for the day-to-day operations of JHA and for the management of its employees. At all times relevant to this action Defendant Corbett, as President

and CEO, was a recipient of federal funds and was acting under color of state law. She is sued in her official capacity.

18. Defendant, Andrew Denicola, is JHA's Executive Director of HCV Program and is responsible for the day-to-day operations of JHA's HCV Program. At all times relevant to this action, Defendant Denicola, as Executive Director of HCV Program, was a recipient of federal funds and was acting under color of state law. He is sued in his official capacity.

## IV. FACTS COMMON TO ALL CLAIMS

19. Congress established the Section 8 HCV Program in 1990, and it is codified in part at 42 U.S.C. § 1437f, Section 8 of the United States Housing Act of 1937, as amended.

20. Through an Annual Contribution Contract, the United States Department of Housing and Urban Development provides funds to a public housing authority (PHA), to operate housing programs for low-income families.

21. An eligible family obtains a voucher from the PHA, locates a rental unit in the private market within the size and rental limits set by the PHA, and submits a request for lease approval to the PHA.

22. If the unit lease is approved by the PHA, the participant family pays directly to the landlord approximately 30% of their adjusted monthly income as

their portion of the rent, and the PHA pays the difference between the tenant's portion and the approved contract rent.

23. The PHA monthly payment is called the "Housing Assistance Payment" or "HAP."

24. In the City of Jacksonville, the PHA that operates the HCV Program is JHA.

25. Defendants policies, practices, and customs are subject to JHA's Administrative Plan, as well as the federal regulations governing the HCV Program.

26. For the last 4 years, Plaintiff has rented a unit at 7107 Irving Scott Dr., Jacksonville, FL 32209, from a private landlord utilizing a Housing Choice Voucher administered by JHA.

27. While the rent for the rental unit is $1,270.00 per month, because of Plaintiff's low income, her rental obligation is currently $0. Through the HCV Program, JHA has subsidized Plaintiff's rent by paying her landlord the balance of rent owed via the HAP in the amount of $1270.00 per month. JHA also provides Ms. Brock with a $20.00 utility reimbursement to use toward her utility bills.

**Informal Hearing Concerning Income Calculation**

28. On October 3, 2025, JHA issued a notice (2025 Payment Notice) to Plaintiff demanding she pay JHA $9,691.00.

29. JHA had calculated this amount using income earned by Plaintiff's adult grandson which he had concealed from Plaintiff and JHA while purportedly attending college in Georgia and having no income.

30. Federal regulations require a PHA to give a participant an opportunity for an informal hearing under several circumstances set forth in 24 C.F.R. § 982.555.

31. For example, informal hearing must be granted to consider whether PHA decisions relating to the individual circumstances of a participant are in accordance with the law, HUD regulations and PHA policies, including a "determination of the family's annual or adjusted income, and the use of such income to compute the housing assistance payment." 24 C.F.R. § 982.555(a)(1)(i).

32. Importantly, the 2025 Payment Notice does not threaten termination or actually terminate Plaintiff's HCV Program Assistance.

33. The 2025 Payment Notice does offer the right to a grievance.

34. As permitted by the Payment Notice, on October 11, 2025, Plaintiff requested an informal hearing concerning the calculation of her income.

35. The issues considered at the hearing did not involve a termination of Ms. Brock's assistance because that was not at issue and had not been threatened.

36. The hearing was only to determine whether her income was calculated correctly.

37. Following a hearing on May 20, 2026, on June 4, 2026, the hearing officer issued a decision upholding "JHA's request offering you the opportunity to remain a participant in good standing with the JHA HCV Program . . . seeking a repayment agreement to recoup this overpaid assistance."

38. The hearing officer's decision incorrectly states that "JHA has proposed termination of your HCV Program assistance due to the violation of one or more of the following JHA/HCV Program policies per the JHA Administrative Plan or HCV Program Family Obligations as cited in code 24 CFR...." even though JHA had not yet proposed a termination of Plaintiff's assistance, nor was that considered at the hearing.

39. If JHA had been terminating Plaintiff's HCV Program Assistance, JHA's 2025 Payment Notice would have to comply with the termination provisions in 24 C.F.R. § 982.555, which JHA failed to do.

**Improper HCV Program Assistance Termination**

40. On June 17, 2026, JHA sent notice (2026 Payment Notice) to Plaintiff renewing the demand for payment, giving her until July 28, 2026, to pay in full, and stating "[f]ailure to repay JHA the Overpayment Amount in full in accordance with the Repayment Terms shall result in 'immediate termination' from the Housing Choice Voucher Program."

41. 24 C.F.R. § 982.555(a)(1)(iv), entitles a voucher participant to request an informal hearing to review the PHA's "determination to terminate assistance for a participant family because of the family's action or failure to act (see § 982.552)."

42. Importantly, the "PHA must give the opportunity for an informal hearing before the PHA terminates housing assistance payments for the family under an outstanding HAP contract." 24 C.F.R. § 982.555(a)(2).

43. Further, pursuant to 24 C.F.R. § 982.555(c)(2), the:

> PHA must give the family prompt written notice that the family may request a hearing. The notice must:
> (i) Contain a brief statement of reasons for the decision,
> (ii) State that if the family does not agree with the decision, the family may request an informal hearing on the decision, and
> (iii) State the deadline for the family to request an informal hearing.

44. The Payment Notice states termination will be "immediate."

45. The Payment notice fails to provide the opportunity for an informal hearing despite the express language of 24 C.F.R. § 982.555(a)(2) requiring it to do so when sending a notice to terminate program assistance.

46. On July 28, 2026, Ms. Brock received from JHA a "Final Notice Terminating HAP Contract with Owner" terminating rental assistance effective July 31, 2026 (Termination Notice).

47. The reason for termination is stated "[f]ailure to comply with family obligations/ failure to pay debt owed to the agency." The Termination Notice further states "[t]his action is final and it is not eligible for an informal hearing."

48. The Termination Notice failed to provide the opportunity for an informal hearing before the PHA terminated the rental assistance on July 31, 2026.

49. Despite JHA's failure to provide a proper notice of assistance termination which included an opportunity for an informal hearing, on August 3, 2026, Ms. Brock made a request for a hearing to challenge the "Final Notice Terminating HAP Contract with Owner."

50. On August 3, 2026, Ms. Brock received a response (Grievance Response) from JHA Executive Director of the HCV Program, Andrew Denicola, that her hearing request was denied because "[h]earing already conducted, no additional hearings will be granted."

51. If Ms. Brock had been offered a hearing, she would have requested one.

52. If Ms. Brock had been offered a hearing, at the hearing she would have raised many concerns relating to her inability to make payment by the July 28, 2026, deadline for payment, including JHA's failure to offer a repayment agreement as set forth in the June 4, 2026, decision of the hearing officer regarding calculation of income vs. making one lump sum payment.

53. She would have requested an extension of the time to make payment.

54. She would have also asked the hearing officer to review JHA's failure to adequately consider the circumstances of the termination pursuant to 24 C.F.R. § 982.552(c)(2).

55. She would have offered to make payment in full as she now has the funds to pay in full.

56. Ms. Brock was denied the opportunity to grieve these matters prior to termination of her HVC Program assistance.

57. The informal hearing concerning the calculation of her income held in May 2026 did not concern or address these matters because the events giving rise had not yet occurred.

58. Plaintiff, via counsel, made requests for reinstatement on August 25, 2026, to Andrew Denicola, and on September 2, 2026, to the JHA Board of Commissioners.

59. JHA has now ceased its payment of the rental subsidy to Plaintiff's landlord starting August 1, 2026, and did not pay the August or September HAP.

60. The Plaintiff cannot afford, and has not been able to pay, the full monthly contract rent of $1,270.00 without the HCV Program subsidy.

61. As a result of Defendants' actions, Plaintiff has been denied the rental subsidy payment of $1,270.00 for the months of August and September, as well as denied the $20.00 utility reimbursement payment for August and September.

62. As a result, Plaintiff fears her landlord will very soon initiate eviction proceedings in state court seeking to evict her for nonpayment of rent that could make her homeless.

**COUNT ONE**
**Violation of Procedural Due Process**

63. Pursuant to the 14th Amendment of the United States Constitution, participants in Defendants' HCV Program are entitled to procedural Due Process of law.

64. Defendant JHA's Administrative Plan, as well as the federal regulations governing the HCV Program, were enacted to ensure that participants in JHA's programs receive the housing assistance for which they are eligible.

65. JHA's Administrative Plan provides (Section 12-II.D Termination Process):

> If a family's assistance is to be ended involuntarily, JHA must give the family and the owner a written Intent to Terminate (ITT) notice that specifies the reasons for which assistance has been terminated and the family's right to an informal hearing.... After JHA issues the ITT, the family has a right to request an informal hearing.

66. When a PHA fails to provide procedural due process while terminating a participant from the HCV Program, the participant may bring a claim under 42 U.S.C. § 1983.

67. The Due Process Clause of the 14th Amendment of the United States Constitution requires that HCP Program participants, like other public assistance recipients, be given an informal hearing before termination of their housing assistance. See *Goldberg v. Kelly*, 397 U.S. 254, 264 (1970). HUD regulations require PHA's to hold an informal pre-termination hearing before terminating housing benefits. 24 C.F.R § 982.555. This HUD regulation exists to comply with the requirements of the Due Process Clause and *Goldberg*. 55 Fed. Reg. 28,541 (July 11, 1990) ("PHAs must adopt written informal pretermination hearing procedures for participants, which fully meet the requirements of *Goldberg v. Kelly*.").

68. Defendants' intentional failure to abide by their own procedures in their Administrative Plan by failing to offer an informal hearing to contest the termination of Plaintiff's HCV Program assistance, as well as the federal laws and regulations governing the HCV Program, have resulted in an unfair process and unlawful termination of Plaintiff's HCV Program assistance in violation of the Due Process Clause to the 14th Amendment to the United States Constitution.

69. Plaintiff was deprived of a federal right, including but not limited to the loss of property and liberty, when the Defendants while acting under color of

state law, terminated Plaintiff's participation in the HCV Program without proper notice and without a pre-deprivation hearing, all of which violate the Due Process Clause of the 14th Amendment to the United States Constitution.

70. Plaintiff has suffered irreparable harm by being terminated from the HCV Program which has provided her access to affordable housing, including the imminent loss of her housing and her entitlement to ongoing subsidized rent.

71. Plaintiff will suffer further harm by facing imminent threat of eviction from her rental unit based on Defendants' failure to make payment of the August and September rental subsidies to Defendant's private landlord.

## COUNT TWO
## Violation of the United States Housing Act

72. To protect tenants at risk of losing their housing assistance, the United States Housing Act imposes grievance hearing requirements on public housing authorities which provide tenants with the ability to defend against a proposed termination. See 42 U.S.C. § 1437d(k); see also 42 U.S.C. § 1437c-1(d)(6).

73. Defendant JHA's Administrative Plan, as well as the federal regulations governing the HCV Program, were enacted to ensure that participants in JHA's programs receive the housing assistance for which they are eligible.

74. None of the notices Defendants sent to Plaintiff met the requirements of federal law.

75. Defendants have deprived the Plaintiff of rights secured by the Constitution and/or laws of the United States, namely rights secured by 42 U.S.C. § 1437 *et seq*. and the regulations promulgated thereto, and 42 U.S.C. § 1983, by, and among other things, intentionally failing to follow legally mandated notice and hearing procedures for terminating assistance.

76. There are no adequate state remedies available to Plaintiff to remedy this deprivation of her right to defend against her voucher termination.

77. By improperly terminating Plaintiff's voucher assistance without proper notice or a pre-deprivation hearing, JHA violated Plaintiff's rights created by 42 U.S.C. § 1437d(k) and 42 U.S.C. § 1437c-1.

78. Defendants' intentional failure to abide by their own procedures in their Administrative Plan, as well as the federal laws and regulations governing the HCV Program, have resulted in an unfair process and unlawful termination of Plaintiff's HCV Program assistance.

79. Defendants were acting under color of state law when they deprived Plaintiff of her rights.

80. Defendants have wrongfully terminated Plaintiff from a program that she is eligible for and should be receiving benefits thereunder.

81. Plaintiff has suffered economic loss as a direct result of Defendants' intentional deprivation of Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests this Court to:

A. Assume jurisdiction over this matter;

B. Enter a judgment declaring that Defendants by arbitrarily terminating HCV Program assistance to Plaintiff, without proper notice or an opportunity for a hearing in violation of federal law and its own Administrative Plan, violated Plaintiff's right to Due Process under the 14th Amendment of the United States Constitution, as well as the statutes and regulations governing the HCV Program, and 42 U.S.C. § 1983;

C. Enter a judgment declaring Defendants' actions or inactions violated the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437 *et seq*, and regulations adopted pursuant thereto, and 42 U.S.C. § 1983;

D. Enter preliminary and permanent injunctive relief ordering the Defendants, their successors in office, and their servants, agents and employees, and those acting in concert with them, to immediately reinstate Plaintiff's participation in the HCV Program, to refrain from taking any action to terminate Plaintiff's participation in the HCV Program unless authorized by law, and to make the subsidy payment to Plaintiff's landlord;

E. Award Plaintiff compensatory damages for her economic losses incurred as a result of Defendant JHA's unlawful actions;

F. Award Plaintiff her attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

G. Grant Plaintiff such other relief as the Court may deem just and equitable.

Dated: September 23, 2026

Respectfully Submitted,
**Jacksonville Area Legal Aid, Inc.,**
**Attorneys for Plaintiff, by**

*/s/ Mary E. DeVries*
Mary E. DeVries
Fla Bar No. 1000446
126 West Adams Street
Jacksonville, Florida 32202
Phone: (904) 515-2609
Fax: (904) 515-2609
Email: mary.devries@jaxlegalaid.org

*/s/Emma King*
Emma A. King
Fla. Bar No. 1049069
126 West Adams Street
Jacksonville, FL 32202
Phone: (904) 356-8471 Ext. 368
Fax: (904) 322-7772
Email: emma.king@jaxlegalaid.org

**DECLARATION OF HARRIET BROCK**

Under penalties of perjury, I declare that I have read the foregoing Verified Complaint and that the facts stated in it are true to the best of my knowledge and belief.

Harriet T. Brock
Harriet T. Brock (Sep 23, 2026 16:34:49 EDT)

Harriet Brock